UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SCOTT A. BOLDMAN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

Case No. 3:17-cv-255

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 7), the administrative record (doc. 4), and the record as a whole.[3]

**I.**

**A.**     **Procedural History**

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

Plaintiff originally filed for DIB on February 8, 2008 as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, obesity and headaches. PageID 57, 60.

Plaintiff originally filed an application for DIB on February 8, 2008. ALJ Carol K. Bowen issued a decision on June 3, 2010 finding Plaintiff not disabled. PageID 125-33. Specifically, ALJ Bowen found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]" PageID 128-33.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Bowen's non-disability finding the final administrative decision of the Commissioner. PageID 137-39. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). No appeal was taken; accordingly, Plaintiff is deemed not disabled, as a matter of law, through June 3, 2010. *Id.* However, because the record reflects new and material evidence documenting a new severe condition of obesity, ALJ Bowen's RFC is not binding on subsequent ALJs. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997); *Dennard v. Sec. of Health & Human Servs.*, 907 F.2d 598, 600 (6th Cir. 1990).

Thereafter, Plaintiff filed new applications for DIB and SSI. PageID 267-79. After an initial denial of this newer set of applications, Plaintiff received a hearing before ALJ Elizabeth A. Motta on April 18, 2016. PageID 77-110. ALJ Motta issued a decision on June 20, 2016

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567. An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

finding Plaintiff not disabled. PageID 57-69. Specifically, ALJ Motta found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work, "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]" PageID 62-69.

The Appeals Council denied Plaintiff's request for review, ALJ Motta's non-disability finding the final administrative decision of the Commissioner. PageID 25-28. *See Casey*, 987 F.2d at 1233. Plaintiff then filed this timely appeal challenging the non-disability finding by ALJ Motta. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in ALJ Motta's (hereafter "ALJ") decision (PageID 57-69), Plaintiff's Statement of Errors (doc. 6) and the Commissioner's memorandum in opposition (doc. 7). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

> 5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

On appeal, Plaintiff argues the ALJ erred by: (1) incorrectly assessing his RFC; (2) failing to account for all of his limitations; (3) failing to address the entirety of the Vocational Expert's ("VE") testimony; and (4) failing to address treating physician Ronald McGilton, M.D.'s opinion that he needs to elevate his legs above his heart several times a day. Doc. 6 at PageID 963-65. By alleging the ALJ erred in failing to address Dr. McGilton's opinion that Plaintiff needs to elevate his legs, Plaintiff appears to allege the ALJ erred in weighing the medical evidence of record. PageID 964. Finding merit to this alleged error, the undersigned does not address the merits of the remaining errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically

acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

6

source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The medical evidence of record in this case includes, *inter alia*, an opinion from Plaintiff's treating physician Dr. McGilton. Dr. McGilton opined that Plaintiff could occasionally lift or carry up to 10 pounds; could sit 20 minutes continuously for up to two hours per workday; could stand and walk 20 minutes continuously for up to one hour per workday; could use his hands for simple grasping, pushing and pulling, and fine manipulation; could use both feet and legs for repetitive movements; and would need to elevate his legs above his heart several times a day. PageID 513-16. Plaintiff alleges the ALJ erred by failing to include the need to elevate his legs in his RFC. PageID 92, 514, 963-64. A limitation concerning the need to elevate his legs is significant because the VE testified at the administrative hearing that such an individual could not maintain employment (and would thus be disabled). PageID 107.

The ALJ assigned Dr. McGilton's opinion "some weight" finding the majority of the limitations Dr. McGilton opined are:

> unsupported by the objective and clinical findings of record, as well as the intermittent and conservative nature of [Plaintiff's] treatment. Dr. McGilton reports [Plaintiff is] markedly[6] limited [in] sitting, standing, and walking, but indicated [Plaintiff] could use either lower extremity to operate foot controls. His records do not document any lower extremity weakness or impairment, nor do they document any lumbar impairment or observations of impaired gait or station. Further, the ability to operate foot controls without reported limitations is not consistent with marked limitations in sitting, standing, and walking reported by Dr. McGilton.

PageID 66-67.

---

[6] "Marked" limitations are suggestive of disability. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

The Court finds the ALJ erred by failing to specifically analyze the § 404.1527(c)(2) controlling weight factors, *i.e.*, whether Dr. McGilton's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and whether the opinion is consistent "with the other substantial evidence in [the] case record." *LaRiccia*, 549 F. App'x at 384. Such failure constitutes reversible error, *see Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 U.S. Dist. LEXIS 115119, *1, at *14 (S.D. Ohio Aug. 19, 2014), because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted).

Even assuming, *arguendo*, that the ALJ conducted the controlling weight test -- which the undersigned concludes he did not -- the undersigned further finds the ALJ gave only conclusory reasons as to the ultimate weight accorded. PageID 534. Specifically, while the ALJ found Dr. McGilton's opinion "unsupported by objective and clinical findings of record," and that it "overestimates the degree of limitation reasonably consistent with the medical evidence," the ALJ fails to cite any specific treatment note or other part of the record in support of such conclusory contention. Such omission is error and a separate, independent grounds meriting reversal. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion" is accorded lesser weight).

Based on all of the foregoing, the undersigned finds error in the ALJ's analysis of Dr. McGilton's medical opinion. PageID 107, 514. Accordingly, the undersigned recommends that the Commissioner's non-disability finding be reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Following a careful review of the record, the undersigned finds that factual issues remain unresolved concerning, *inter alia*, Plaintiff's need to elevate his legs and that evidence of disability is not overwhelming. Accordingly, remand for further proceedings is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: February 27, 2018            s/ Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).